IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| M.A.O, a minor, § | | |
| By and through his natural father § | | |
| and guardian, SHANE OSBORNE; and § | | |
| SHANE and KRISTY OSBORNE § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No.1:09CV194HSO-JMR |
| § | | |
| STONE COUNTY HOSPITAL, INC., et al § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED NOTICE OF REMOVAL**

BEFORE THE COURT is the Motion to Remand [11] of Plaintiffs M.A.O., a minor, by and through his natural father and guardian Shane Osborne, and Shane and Kristy Osborne. Defendant Stone County Hospital, Inc. ("Stone County Hospital"), filed a Response [15], and Plaintiffs a Reply [17]. Also before the Court is Defendant Stone County Hospital's Motion for Leave to File Amended Notice of Removal [10]. Plaintiffs filed a Response [14], and Defendant a Reply [16]. After consideration of the Motions, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion to Remand should be granted in part and denied in part, and that Defendant's Motion for Leave to File Amended Notice of Removal should be denied as moot.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint on or about December 3, 2008, in the Circuit Court of Stone County, Mississippi, alleging negligence and gross negligence against

Stone County Hospital, Je Song, M.D., Elizabeth Brown, R.N., and John and Jane Does A, B, C, D, E, F, and G, pertaining to the medical treatment provided to M.A.O., a minor, on or about December 25-26, 2007.  Plaintiffs also claim that

> Mississippi Code Annotated § 15-1-36 and § 85-5-7 as amended pursuant to House Bill 2 of the 2002 3rd Extraordinary Session of the Mississippi Legislature are unconstitutional and seek to deprive Plaintiffs of their substantive rights and remedies without due process of law.... [a]nd [are] in violation of the Equal Protection Clause of the United States Constitution and the Mississippi Constitution.

Compl. ¶¶ 33-34.

Defendant Stone County Hospital removed the case to this Court on March 4, 2009, asserting that Plaintiffs raised claims "under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and in effect, the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd."  Notice of Removal [3] at p. 2.  Defendants Je Song, M.D., and Elizabeth Brown, R.N., joined in the Notice of Removal on March 5, 2009.  Stone County Hospital subsequently filed a Motion for Leave to File Amended Notice of Removal on March 31, 2009, seeking to rely exclusively on EMTALA, and not on the Equal Protection Clause of the Fourteenth Amendment, as its basis for removal.  *See* Mot. for Leave [10] at p. 1.  Plaintiffs oppose the amendment and seek to remand this case, arguing that: (1) the Notice of Removal was not filed within thirty days of service on the first Defendant; and (2) their claims do not arise out of a federal question.  Plaintiffs request an award of attorney's fees.

There is no dispute that the Complaint does not expressly mention or rely upon

EMTALA. Defendant contends that Plaintiffs' state law claims are completely preempted by EMTALA, such that this Court has subject matter jurisdiction.

## II. **DISCUSSION**

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. The district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999) (overruled on other grounds).

There exists a "long-established axiom that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* (*citing Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)). A defense that implicates a federal question is insufficient to provide a basis for federal jurisdiction. *Id.*

"Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S 470, 176

(1998) (*quoting Franchise Tax Bd.,* 463 U.S. at 22 )). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.* The United States Court of Appeals for the Fifth Circuit has held that "the artful pleading doctrine applies *only* where state law is subject to complete preemption." *Bernhard*, 523 F.3d at 551 (emphasis in original); *see also Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188-89 (5th Cir. 2001).

"In order to determine whether a statute completely preempts state law and provides a basis for removal jurisdiction, 'the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable.'" *McCullough v. River Region Medical Center*, No. 5:08cv187, 2008 WL 2157118, at *3 (S.D. Miss. 2008) (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 n.5 (2003)). "Accordingly, Congress must have intended 'a federal act to provide the exclusive cause of action for the claims at issue' in order for a court to hold that the statute completely preempts state law claims." *Id.* (*quoting Bernhard*, 523 F.3d at 553).

EMTALA's preemption provision is found at 42 U.S.C. § 1395dd(f), and states that: "[t]he provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f). This Court has previously held

> that this portion of the statute makes pellucidly clear that Congress had no intention of providing the exclusive cause of action for claims relating to screening, stabilizing treatment, and transfer restrictions for persons with

> emergency medical conditions or who are in labor when it enacted EMTALA. To the contrary, EMTALA is structured so as to only preempt state laws which directly conflict with a requirement set forth in EMTALA...and explicitly contemplates the viability of state law claims which are not so preempted....Inasmuch as EMTALA does not completely preempt the relevant field of state law, the artful pleading doctrine is inapplicable and does not permit the defendants to invoke the Court's removal jurisdiction under 28 U.S.C. § 1441.

*McCullough*, 2008 WL 2157118, at *3.

It matters not whether, as Stone County Hospital argues, there is no cause of action under Mississippi law for "failure to treat" at a hospital's emergency room. Even in the absence of such a cause of action, Mississippi courts are the proper forum for resolving such issues, which go more to the merits of the claim rather than the question of whether federal jurisdiction is proper. Pursuant to the preemption provision of the EMTALA statute, the absence of a state law remedy under Mississippi law does not change the fact that Congress did not completely preempt this field.

Based upon the foregoing, EMTALA does not provide a basis for removal jurisdiction. Therefore, even if the Court granted Defendants' Motion for Leave to File Amended Notice of Removal, which conditions removal exclusively on the basis of EMTALA, federal removal jurisdiction would be lacking. Absent the proposed amendment, the Notice of Removal also asserts that the Equal Protection Clause of the Fourteenth Amendment serves as a basis for removal. Removal on this ground is procedurally barred.

28 U.S.C. § 1446(b) states in relevant part that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Under the law of this Circuit, the notice of removal must be filed within thirty days of service on the *first* defendant, provided the case is then removable. *See United Plumbing & Heating Co., Inc. v. Lewis,* 113 F. Supp. 2d 1041, 1042 (S.D. Miss. 2000) (*citing Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)). Defendant Je Song, M.D., was the first Defendant served with process, on December 10, 2008. *See* Summons, attached as Ex. "2" to Pls.' Mot. Stone County Hospital filed its Notice of Removal on March 4, 2009, eighty-four days after service on Defendant Je Song, M.D.

Stone County Hospital argues that the thirty day time limit is not a bar here. Because the civil enforcement provision of EMTALA applies only to hospitals, *see* 42 U.S.C. § 1395dd(d)(2)(A), Stone County Hospital asserts that no other Defendant had standing to remove this case, such that this case did not become removable until February 4, 2009, when it was served with process. Stone County Hospital, however, has not contended that Plaintiffs' claims as to the constitutionality of the amendments to Mississippi Code Annotated § 15-1-36 and § 85-5-7, on which it relied as an alternative basis for removal, are not applicable to the other Defendants. Assuming that Plaintiffs' claims challenging the constitutionality of these state

statutes would confer removal jurisdiction, which this Court need not decide, such claims clearly relate to all Defendants, such that the case should have been removed within thirty days of service of process upon the first Defendant, Je Song, M.D.

Exceptional circumstances may permit removal when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. *See Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). However, no such exceptional circumstances have been presented here. The Court concludes that Plaintiffs' Motion to Remand must be granted.

Section 1447 states in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Where a court remands, "[t]here is no automatic entitlement to an award of attorney's fees. Indeed the clear language of the statute makes such an award discretionary." *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. App'x 523, 524 (5th Cir. 2003) (*quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)). "A court should not award fees when 'the defendant had objectively reasonable grounds to believe the removal was legally proper' at the time of removal." *Id.* (*quoting Valdes*, 199 F.3d at 293). "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes*, 199 F.3d at 292. Based upon the record before the Court, an award of attorney's fees is not warranted.

## III. CONCLUSION

The Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, and removal was otherwise untimely pursuant to 28 U.S.C. § 1446(b). This case must be remanded to the Circuit Court of Stone County, Mississippi. Plaintiffs are not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [11] of Plaintiffs M.A.O., a minor, by and through his natural father and guardian Shane Osborne, and Shane and Kristy Osborne, should be and hereby is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent it seeks remand, and denied to the extent it seeks attorney's fees.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Leave to File Amended Notice of Removal [10] of Defendant Stone County Hospital, Inc., should be and hereby is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Circuit Court of Stone County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 19th day of October, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE